UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

February 27, 2023

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE: *Jennifer W. v. Kijakazi, Commissioner, Social Security Administration*
Civil No. 1:22-cv-01177

Dear Counsel:

On May 17, 2022, Jennifer W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision denying her claims for a Period of Disability ("PD") and Disability Insurance Benefits ("DIB"). (ECF No. 1). I have considered the parties' cross-motions for Summary Judgment (ECF Nos. 11 & 13), and I have considered Plaintiff's Reply to the Commissioner's Brief Argument (ECF No. 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). The Court must uphold an agency's decision if the decision is supported by substantial evidence and was reached through an application of the proper legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's Motion for Summary Judgment (ECF No. 11), deny Defendant's Motion for Summary Judgment (ECF No. 13), and remand the case for further proceedings consistent with this Letter Memorandum Opinion and Order. I provide my rationale below.

Plaintiff filed a claim for PD and DIB on May 31, 2019, alleging disability beginning December 1, 2017. (Tr. 169–72).[1] Plaintiff's claims were denied initially on October 31, 2019, and again denied upon reconsideration on April 27, 2020. (Tr. 152 & 160). A telephone hearing was held on February 23, 2021, before Administrative Law Judge ("ALJ") Monica L. Flynn. (Tr. 29). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 29–44). The Appeals Council declined review and, consequently, the ALJ's decision constitutes the final, reviewable decision of the SSA. (Tr. 1–6).

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations. 20 C.F.R. § 416.920. "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration

---

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 8) Defendant filed in this case. When citing specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

In the instant case, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of December 31, 2017 through her date last insured of December 31, 2019 . . . ." (Tr. 31). The ALJ further found that during the relevant time frame, Plaintiff suffered from the severe impairments of "degenerative disc disease and osteoarthritis . . . ." (Tr. 31). Despite these impairments, the ALJ determined that Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b). However, she should no more than occasionally climb ramps and stairs and never climb ladders, ropes, or scaffolding. She should no more than frequently stoop and occasionally kneel, crouch, or crawl. She can have no more than occasional exposure to workplace hazards. Any time off-task could be accomplished by the normal break schedule.

(Tr. 37).

The ALJ determined that Plaintiff was able to perform past relevant work. (Tr. 42). Specifically, the ALJ found that Plaintiff is "capable of performing past relevant work as a housekeeping cleaner as actually performed and generally performed in the national economy." (Tr. 42). Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. (Tr. 43).

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted). In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

On appeal, Plaintiff argues that "[t]he ALJ's residual functional capacity . . . determination is unsupported by substantial evidence." (ECF No. 11-1 at p. 8).[2] Specifically, Plaintiff contends that the ALJ erred by not performing a function-by-function analysis of Plaintiff's ability to perform work activity relevant to light work, including "sitting, standing, walking, lifting, carrying, pushing, [and] pulling . . . ." *Id.* at p. 15. For the reasons discussed below, I find that the ALJ's decision is unsupported by substantial evidence, thereby precluding meaningful review. Therefore, I will deny Plaintiff' Motion for Summary Judgment (ECF No. 11), deny Defendant's Motion for Summary Judgment (ECF No. 13), and remand the case.

## **ANALYSIS**[3]

The ALJ did not properly perform a function-by-function analysis while assessing Plaintiff's RFC. Social Security regulations require an ALJ to "identify the [claimant's] functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis." *Mascio*, 780 F.3d at 636. "[A] proper RFC analysis proceeds in the following order: (1) evidence, (2) logical explanation, and (3) conclusion." *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)) (internal quotations omitted). To satisfy the function-by-function analysis requirement, the ALJ must include a "narrative discussion of [the] claimant's symptoms and medical source opinions[]" to support the RFC determination. *White v. Comm'r, Soc. Sec. Admin.*, No. SAG–16–2428, 2017 WL 1373236, at *1 (D. Md. Apr. 13, 2017) (other citation and internal quotations omitted). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Petry v. Comm'r, Soc. Sec. Admin.*, CV SAG-16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), *as amended* (Dec. 13, 2000)). Without a proper narrative discussion, "it is impossible for the Court to determine whether the decision was based on substantial evidence." *Stacy C. v. Kijakazi*, No. CBD-20-2833, 2022 WL 814292, at *3 (D. Md. Mar. 17, 2022) (other citations omitted). "[W]here an ALJ finds multiple RFC limitations, each one must be accompanied by a narrative discussion with a separate analysis citing specific evidence that explains how it supports each of the ALJ's conclusions." *Jeffrey B.*

---

[2] When citing to specific page numbers in ECF documents, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

[3] As a preliminary matter, Defendant asserts that "Plaintiff does not challenge the ALJ's mental RFC findings. Any such argument is waived." (ECF No. 13-1, at p. 5, n. 2). "A party waives an argument by failing to present it in its opening brief or by failing to develop its argument—even if its brief takes a passing shot at the issue." *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017); *see also Harley v. Comm'r Soc. Sec. Admin*, No. 8:19-CV-01547-MGL-JDA, 2020 WL 7231127, at *7 (D.S.C. June 3, 2020) ("Plaintiff has failed to point the Court to any specific complaints about evidence the ALJ failed to consider in performing his analysis; failed to cite to any record evidence or case law . . . . Therefore, the Court finds that these arguments have been waived."), *report and recommendation adopted sub nom. Harley v. Saul*, No. 8:19-01547-MGL, 2020 WL 7021706 (D.S.C. Nov. 30, 2020). Here, Plaintiff does reference an ALJ's duties in assessing a plaintiff's mental abilities in an ALJ's RFC determination. (ECF No. 11-1 at p. 14) (citing 20 C.F.R. 404.1545(c)). However, Plaintiff's entire argument focuses on the ALJ's failure to analyze "Plaintiff's ability to perform and sustain the material work activities that include sitting, standing, walking, lifting, carrying, pushing, [and] pulling as set forth in 20 C.F.R. 404.1545(b) and 404.1545(b) . . . ." (ECF No. 11-1 at p. 15). Although it seems evident that Plaintiff mistakenly cited 20 C.F.R. 404.1545(b) twice despite intending to also cite 20 C.F.R. 404.1545(c), Plaintiff's entire argument section is devoid of any challenge to the ALJ's mental RFC determination. Furthermore, Plaintiff's Reply fails to recognize Defendant's waiver argument. Therefore, the Court finds that Plaintiff has waived any challenge to the ALJ's mental RFC findings, and the Court will not discuss such findings in its analysis.

*v. Saul*, No. GLS 20-1090, 2021 WL 797920, at *3 (D. Md. Mar. 2, 2021) (citing *Dowling*, 986 F.3d at 3; SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.)). In sum, a function-by-function analysis must include a narrative discussion that explains how certain evidence supports Plaintiff's work-related abilities and limitations.

Like the claimant in *Mascio*, Plaintiff depends on "Social Security Ruling 96-8p, which explains how adjudicators should assess residual functional capacity." *Mascio*, 780 F.3d at 636 (other citation omitted); (ECF No. 11-1 at p. 11). "The Ruling instructs that the residual functional capacity assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Mascio*, 780 F.3d at 636 (citing SSR 96-8p, 61 Fed. Reg. 34, 474, 34, 475 (July 2, 1996)). Only after conducting the required function-by-function analysis can the RFC be expressed through exertional levels of work. *Mascio*, 780 F.3d at 636.

Defendant asks the Court to recognize that the Fourth Circuit refused to adopt a "per se rule requiring remand where the ALJ does not perform an explicit function-by-function analysis." *Id.*; (ECF No. 13-1 at p. 7). However, this Court recognizes that the Fourth Circuit provided an explanation for its refusal to adopt such a per se rule:

> We agree that a per se rule is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are irrelevant or uncontested. . . . But declining to adopt a per se rule does not end our inquiry. In that regard, we agree with the Second Circuit that remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.

*Mascio*, 780 F.3d at 636 (internal quotations omitted). While there is not a per se rule requiring remand, the absence of such a rule does not end this Court's analysis.

Turning to the functions relevant to the case *sub judice*, 20 C.F.R. § 1567(b) defines light work:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

Based on the evidence in the record and Plaintiff's contentions, it is clear that these functions are relevant to the ALJ's RFC analysis, and the ALJ should have performed a proper function-by-function analysis regarding these functions.

Here, the ALJ properly provided her RFC conclusion at the beginning of her analysis in the form of an introductory subtitle. (Tr. 37). However, rather than perform the requisite function-

by-function analysis, the ALJ diligently evaluated Plaintiff's symptoms, and the ALJ permitted this evaluation to guide her RFC determination. *See Henderson v. Kjakazi*, No. CV AAQ-20-3346, 2022 WL 1555408, at *2 (D. Md. May 17, 2022). "Of course, a claimant's symptoms, and the extent to which the alleged severity of those symptoms is supported by the record, is relevant to the RFC evaluation." *Dowling*, 986 F.3d 377 (4th Cir. 2021). However, "an RFC assessment is a separate and distinct inquiry from a symptom evaluation . . . ." *Id.* Like the ALJ's decision in *Henderson*, wherein the ALJ failed to conduct the proper function-by-function assessment, the ALJ's decision in this case contains language clearly indicating the implementation of a symptom-based analysis. *See* (Tr. 38) ("once underlying physical or mental impairments that could reasonably be expected to produce the claimant's pain or other symptoms have been shown, I must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning."); (Tr. 38) ("her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. ").[4] Although the ALJ's symptom-based assessment allowed her to ostensibly reach a conclusion regarding some of the functions under 20 C.F.R. § 416.945 and 20 C.F.R. 404.1567(b), such as stooping and crouching, the ALJ did not conduct a proper function-by-function analysis of all the functions relevant to light work. *Henderson*, 2022 WL 1555408, at *2 ("In carrying out a symptom evaluation in this manner, the ALJ was able to reach a conclusion regarding some of the functions under 20 CFR § 416.945, such as stooping and crouching, but did not conduct a complete assessment of these functions as required by a proper function-by-function analysis, or any analysis of several other functions listed in the applicable regulation.") (other citation omitted).

After listing Plaintiff's subjective allegations regarding Plaintiff's symptoms, the ALJ concluded that, "[t]he objective evidence is more consistent with a light level of work, rather than a sedentary level of work." (Tr. 39). Following this premature conclusion, given absent any function-by-function analysis, the ALJ proceeded to extensively summarize Plaintiff's medical history and Plaintiff's nonmedical evidence regarding Plaintiff's daily activities. (Tr. 39–41). After considering Plaintiff's nonmedical evidence regarding daily activities, the ALJ concluded, without any explanation, that "[t]hese activities are consistent with a light level of work."[5] (Tr.

---

[4] Nearly identical language in *Henderson* led this Court to conclude that the ALJ conducted a purely symptom-based assessment to the exclusion of the requisite function-by-function assessment. *See Henderson*, 2022 WL 1555408, at *3 ("The ALJ was explicit, on multiple occasions, that she was conducting a symptom-based analysis and not a function-by-function analysis."); *id.* ("Once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work-related activities."); *id.* ("the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record.").

[5] For example, while summarizing Plaintiff's daily activities, the ALJ states that Plaintiff is able to "start the laundry, able to take the basket to the laundry room." (Tr. 40). This concerns the Court for two reasons: (1) the ALJ immediately goes from listing evidence such as this to concluding that Plaintiff is capable of light work, and (2) after reviewing the telephonic hearing transcript, the Court recognizes that Plaintiff testified to being unable to bring the laundry "basket to the utility room or take them out of the utility room." (Tr. 89).

40). Throughout the entirety of this summarization, the ALJ never provided a narrative discussion or conclusion regarding Plaintiff's ability to perform the functions relevant to light work.

Nearing the conclusion of her analysis, the ALJ considered the opinion of consultative examiner, Melanie Montemayor M.D. (Tr. 40–41). The ALJ found Dr. Montemayor's opinion to be "minimally persuasive" because it asserted that Plaintiff "had no limitations on sitting, standing, or walking." (Tr. 40). The ALJ stated that no limitations in those functional areas would be inconsistent with Plaintiff's subjective complaints to which the ALJ had "given some deference . . ." (Tr. 41). Based on the deference the ALJ gave Plaintiff's subjective complaints, the ALJ included additional postural and environmental limitations in the RFC. However, the ALJ provided no analysis in reaching this conclusion, nor did she indicate which aspects of Plaintiff's subjective complaints warranted such an additional limitation.

Lastly, the ALJ briefly considered prior administrative medical findings. (Tr. 41). However, the ALJ again improperly concluded that the evidence supported Plaintiff's ability to perform light work without conducting any function-by-function analysis. (Tr. 41) ("In terms of prior administrative medical findings, the medical consultants at both levels found the claimant capable of light work. . . . This is persuasive given the objective findings . . . at the consultative examination."). The ALJ found the prior administrative medical opinions persuasive and concluded her consideration of these administrative medical findings by again including an additional limitation—limited exposure to workplace hazards—to the RFC based on an undescribed deference to Plaintiff's subjective complaints. (Tr. 41). Defendant specifically directs the Court to the ALJ's citation to Exhibit 3A, which included medical findings by State agency medical consultants A. Serpick, M.D., and C. Pio Roda, M.D. (ECF No. 13-1 at p. 12). The Court reviewed the findings of these two consultants and recognizes that they each provided opinions on Plaintiff's ability to perform functions relevant to light work. (Tr. 124–25, 141–42). Defendants bolster the value of these two opinions by reminding this Court that the 4th Circuit has recognized that "[a]n ALJ . . . may credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence . . . ." *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018) (internal quotations omitted). Drs. Serpick and Roda made identical findings regarding Plaintiff's RFC, and both doctors provided an identical two-line explanation in their report regarding Plaintiff's "exertional limitations." (Tr. 124 & 141). In Dr. Roda's findings, Dr. Roda provided an additional four-line "RFC – Additional Explanation." (Tr. 142). Therein, Dr. Roda provided brief observations such as "[i]maging showed good position and intact hardware . . ." and "[s]ymptoms improving." (Tr. 142). The Court is hesitant to conclude that such explanations provided by Drs. Serpick and Roda amount to a high-quality explanation consistent with what *Woods* anticipated. However, to the extent Defendant insinuates that the ALJ properly and partially adopted Drs. Serpick's and Roda's RFC conclusions, the Court is certain that any such adoption does not rectify the ALJ's failure to perform the proper function-by-function analysis.

Although this case is being remanded on other grounds, the Court wishes to briefly dispel Plaintiff's contention regarding an ALJ's duty to "articulate which of claimant's individual

statements are credible . . . ." (ECF No. 11-1 at p. 20).  To the contrary, "[*Mascio*] does not require the ALJ to analyze a claimant's subjective complaints statement-by-statement and expressly note which he found credible and which he did not." *Assenat v. Berryhill*, 2017 WL 1383941, at *6 (W.D. Va. Mar. 24, 2017) (other citation omitted).  "Notably, *Mascio* did not require that the ALJ specifically analyze each of Plaintiff's statements in order to identify which were found credible . . . ." *Birchfield v. Colvin*, No. 1:15CV53, 2016 WL 3566740, at *2 (W.D.N.C. June 30, 2016).  Rather, *Mascio* requires that "where an ALJ uses boilerplate that 'gets things backwards,' the decision must indicate the reason for the weight attributed to Plaintiff's statements." *Id.*  On remand, any possible issues concerning the ALJ's credibility determinations regarding Plaintiff's subjective complaints should be settled with a well-reasoned narrative discussion.

The ALJ failed to perform the proper function-by-function analysis regarding the relevant functions of sitting, standing, walking, lifting, carrying, pushing, and pulling as required for light work.  Because of this failure, I cannot conclude that substantial evidence supports the ALJ's final determination and therefore must remand the case.  *See Henderson*, 2022 WL 1555408; *see also Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (holding that where the ALJ used a symptom evaluation approach in reaching a RFC determination, the case had to be remanded for lack of substantial evidence to support such a decision).  "On remand, the ALJ should provide a proper narrative discussion on how the evidence supports each RFC determination, and [the ALJ should] build an accurate and logical bridge from the evidence to each conclusion." *Jeffrey B.*, 2021 WL 797920, at *4.

## CONCLUSION

For the reasons set forth herein, Plaintiff' Motion for Summary Judgment (ECF No. 11) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 13) is DENIED.  The SSA's judgment is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to close this case.

Despite the informal nature of this letter, it is a Memorandum Opinion and Order of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

/s/
J. Mark Coulson
United States Magistrate Judge